UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| MACK WYNN, | ) | CASE NO. 4:09 CV 0013 |
| | ) | |
| Petitioner, | ) | JUDGE ANN ALDRICH |
| | ) | |
| v. | ) | MEMORANDUM OF OPINION |
| | ) | AND ORDER |
| J.T. SHARTLE, | ) | |
| | ) | |
| Respondent. | ) | |

Before the court is pro se petitioner Mack Wynn's petition filed pursuant to 28 U.S.C. § 2241 action against Warden J. T. Shartle at the Federal Correctional Institution in Elkton, Ohio ("F.C.I. Elkton"). Mr. Wynn, who is incarcerated at the F.C.I. Elkton, seeks an order vacating sanctions imposed by the Bureau of Prisons (BOP) based on his refusal to participate in its Inmate Financial Responsibility Program (IFRP).

*Background*

Mr. Wynn pled guilty to a federal indictment in March 2007. His sentence included an assessment of $500 and a fine of $1000. The court ordered petitioner to pay monthly installments, at a rate of no less than $100.00, if his fine was not paid in full within thirty days from the date he was placed on supervised release. In the interim, the court ordered Mr. Wynn to

commence payment of his fine while serving his term of imprisonment.

After petitioner's sentence commenced, he entered into a contract with the BOP to pay $25.00 per quarter towards his fine and assessment under the IFRP. For reasons not explained in the petition, Mr. Wynn's "prison wages were short of the BOP's minimum payment of $25.00 which resulted in Petitioner being placed in to IFRP 'refuse' status . . . and a number of sanctions were imposed against him." (Pet. at 2.) He alleges he then entered in to a "one time payment agreement . . . [and], once again, signed an agreement to pay $25.00 per quarter." (Pet. at 2.)

On April 21, 2008, petitioner filed a Motion to Defer or Vacate Fine/Assessment While in Prison" in the United States District Court for the Eastern District of Pennsylvania.[1] The court denied the motion sua sponte on April 24, 2008. Mr. Wynn timely appealed the decision. At the time he filed this petition the appeal was still pending.[2]

In June 2008, Mr. Wynn's account balance was $24.93. As a result, the BOP placed him in IFRP "refuse" status for falling short of his promise to pay $25.00. Petitioner then notified the court "of his intent in making future payments directly to the court as his financial plan." (Pet. at 2.) He claims two separate payments were sent "directly to the court."[3] It is Mr. Wynn's opinion that "the courts [sic] acceptance of these direct payments, . . . deemed him in IFRP participation by

---

[1] Because Mr. Wynn omitted relevant facts which are now available in the appeal he filed, the court will partially rely on facts outlined in United States v. Wynn, No. 08-2467, 2009 WL 1448054 (3d Cir. May 22, 2009). See Myers v. United States, 198 F.3d 615, 619 (6th Cir. 1999)(proper for federal court in a post-conviction proceeding to rely on factual conclusions given on direct appeal).

[2] On May 22, 2009, the Third Circuit vacated the district court's order and remanded the case for further proceedings consistent with its opinion. The nature of its remand order will be addressed below.

[3] Petitioner does not state to what court he submitted these payments, or whether the court acknowledged the payments were in satisfaction of his fine and assessments.

staff." (Pet. at 2.) Based on this presumption, petitioner refused to make any future payments through the BOP's IFRP. Consequently, the BOP placed him back in "refuse" status.[4]

*Analysis*

Mr. Wynn claims he filed "a complaint" through the BOP's administrative procedures. The only 'response' he provides the court, however, is a statement that the BOP "responded to my complaint by citing soliloquies of BOP policies, thereby, evading the lawful essence of my complaints." (Pet. at 3.) He argues, citing Soroka v. Daniels, 467 F. Supp.2d 1097 (D. Or. 2006) and United States v. Corley, 500 F.3d 210 (3rd Cir. 2007), judgment vacated on other grounds, __ U.S.__ ,129 S. Ct.1558 (2009), that only courts have authority to set a schedule for the repayment of fines and assessments. Moreover, petitioner believes United States v. Davis, 306 F.3d 398 (6th Cir. 2002) stands for the proposition that the authority to establish repayment of fines, while in prison, cannot be delegated to the BOP. He states he does not challenge the constitutionality of the BOP's IFRP, "as long as" the monthly payment schedule is set by the court and not the BOP.

*28 U.S.C. § 2243*

Upon application for a writ of habeas corpus, a district is tasked to immediately "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243 (emphasis added). Based on the facts alleged, petitioner is not currently entitled to the relief he seeks from this court.

---

[4] While he claims he was sanctioned for his refusal, Mr. Wynn does not identify what sanction the BOP imposed.

*28 U.S.C. § 2241*

In his Motion before the Eastern District of Pennsylvania, Mr. Wynn asked, <u>inter alia</u>, the court to either defer or vacate the payment of his fine and special assessment while imprisoned. He stated he could not meet his obligation to pay the fine and special assessment because he lacks a G.E.D. and inmates who lack a G.E.D. are only eligible for an institutional work assignment at a "level 4 pay grade." Based on his limited employability while in prison, petitioner argued he could not pay the amount due and still have funds for telephone communication with his family. He asserted the district court's jurisdiction under 18 U.S.C. § 3572(d). In addition, petitioner asserted the district court's order imposing a fine was in violation of the Third Circuit's decision in <u>Corley</u>.

On appeal, the government contended the district court properly denied his motion because the court lacked jurisdiction to modify or remit the fine, and, even if it had jurisdiction over the motion, petitioner's waiver of his right to direct and collateral appeals applied to bar consideration of it. After its analysis of the issues, the Third Circuit stated:

> But perhaps the threshold consideration presented by Wynn's "Motion to Defer or Vacate Fine/Assessment While In Prison" involves discerning its true aim. If Wynn is objecting to the manner in which the BOP is encouraging him to pay the money he owes, his complaint probably is beyond the scope of 18 U.S.C. § 3572(d)(3), and, if it is beyond the scope of the statute, the question of his waiver need not be resolved. Wynn's claim may be a challenge to the execution of his sentence. In <u>Matheny v. Morrison</u>, 307 F.3d 709, 712 (8th Cir. 2002), the Eighth Circuit held that challenges to the IFRP collection mechanism concern the execution of a sentence and are correctly framed as habeas corpus petitions pursuant to 28 U.S.C. § 2241. See <u>Woodall v. Federal Bureau of Prisons</u>, 432 F.3d at 235, 241-43 (3d Cir. 2005) (challenge to BOP's execution of sentence is properly brought under 28 U.S.C. § 2241); <u>Coady v. Vaughn</u>, 251 F.3d 480, 485 (3d Cir. 2001) (same)(footnote omitted). If so, the District Court could deny the motion without prejudice to his filing a habeas corpus petition in the district of confinement (footnote omitted).

> We will vacate the order of the District Court denying Wynn's "Motion to Defer or Vacate Fine/Assessment While In Prison," and remand for further proceedings consistent with this opinion.

Wynn, 2009 WL 1448054, at *4. It is clear that the matter at issue in Mr. Wynn's present petition is also at issue in his pending "Motion to Defer or Vacate Fine/Assessment While In Prison" in the District Court of Pennsylvania. If that court accepts jurisdiction over his Motion and grants the request, this petition would be moot. Thus, even though this court has personal and subject matter jurisdiction over this petition, it would be premature to address an issue which may be resolved by the sentencing court.

*Conclusion*

Based on the foregoing, the petition is dismissed without prejudice to any petition Mr. Wynn may file after resolution of decision before the District Court of Pennsylvania. See 28 U.S.C. 2243. Further, the court certifies that an appeal from this decision could not be taken in good faith.[5]

IT IS SO ORDERED.

*s/Ann Aldrich*

ANN ALDRICH
UNITED STATES DISTRICT JUDGE

Dated: June 24, 2009

---

[5] 28 U.S.C. § 1915(a)(3) provides: "An appeal may not be taken in forma pauperis if the trial court certifies that it is not taken in good faith."

5